## EDWARD BRINLEY *vs.* THE NATIONAL INSURANCE COMPANY.

There is no other rule of damages, in an action on a policy of insurance against fire, where the insured building is totally destroyed, except that of an indemnity to the assured for his actual loss; and in estimating that loss, there is no settled rule of deduction from the estimated cost of a new building, for the difference between the value of the new and the old one, analogous to the deduction of new for old in adjusting losses on marine policies; but the jury are to decide what sum will be an indemnity to the assured.

On the trial of an action upon a policy of insurance against fire, where the insured building had been totally destroyed, and a new one had been erected by the assured, the jury were instructed that no deduction was to be made from the expense of rebuilding, although the new building might be more durable than the old one would have been, and for some purposes more valuable. *Held*, that this instruction was erroneous.

ASSUMPSIT on a policy of insurance, dated August 28th 1844, whereby the defendants caused George Brinley to be insured against loss by fire, for one year, four thousand dollars on a brick building, used as a store, in Dock Square, Boston. This provision was in the policy : " That in case of any loss or damage, the said company shall have the right to replace the articles lost or damaged with others of the same kind and equal goodness, at any time within sixty days after notice of the loss."

The trial was before *Shaw*, C. J. whose report thereof was as follows : There was proof that the store was totally destroyed by fire, within the year, and that the policy was assigned by the assured, after the loss, to the plaintiff, with the consent of the defendants; and no objection was made to the plaintiff 's bringing the action in his own name.

The store having been rebuilt upon a plan different from that of the one destroyed, the cost of the new building could not be the measure of the plaintiff 's loss by the destruction of the old one. There was much conflicting evidence, and many varying estimates of the cost of erecting a new building

of the same dimensions and materials, and upon the same plan with that of the one burnt ; all of which was left to the jury.

The defendants contended that, as a store of similar dimensions and plan with the old one, built of new materials, would be worth more than the old one, a deduction ought to be made from the estimated cost of a new store, for the difference in value between the old store and such new store ; analogous to the deduction of new for old in the adjustment of losses on marine policies. This position was not sustained by the judge ; but the jury were instructed, that the contract was a contract of indemnity ; that, to afford indemnity, the defendants were bound either to replace the building in as good condition as it was in before the fire, or to pay the plaintiff a sum of money sufficient to place the assured, as owner of the building, in as good a situation as if the fire had not happened ; that, in doing this, if any materials were left, they might be used, as far as they would go, and as far as they were fit, in rebuilding ; but if the building could not be placed in as good a condition as it was in before, without using new materials, and new materials were used, no deduction should be made on that account, although it might be more durable than the old building would have been, and for some purposes more valuable.

The jury returned a verdict for $3689, which is to be set aside, and a new trial granted, if the above instruction was wrong ; otherwise, judgment to be entered on the verdict.

*Gardiner & English*, for the defendants, cited *Laurent* v. *Chatham Fire Ins. Co.* 1 Hall, 41. *Vance* v. *Forster*, 1 Irish Circuit Cases, 51, as reported in 3 Stephens N. P. 2084. *Gray* v. *Waln*, 2 S. & R. 229.

*M. S. Clarke*, for the plaintiff, cited 1 Duer on Ins. 161. 2 Phil. Ins. (2d ed.) 42, 43. 2 Greenl. on Ev. § 407. Beaumont on Ins. 59.

The opinion of the court was delivered March 29th 1847.

WILDE, J. At the trial, the defendants contended that as a new store of similar dimension and plan with the old one, built of new materials, would be worth more than the old

one, a deduction ought to be made from the estimated cost of a new store, for the difference in value between the old store and the new one ; analogous to the deduction of new for old in the adjustment of losses on marine policies. This claim of deduction was not sustained by the judge at the trial, and we are not aware of any authority or principle by which it can be supported. The rule, in adjusting marine losses, is arbitrary, and operates in some cases unjustly, giving to the insured more or less than a full indemnity, to which he is entitled by the policy, and to no more. The rule originated from the usages among merchants and underwriters, probably from the great difficulty of ascertaining the actual loss, without first repairing the damage done, or estimating the cost of repairs. The rule is applicable only to cases of a partial or a constructive total loss. It depends on usage, sanctioned by judicial decisions ; and in some cases this rule of estimating the loss is expressly provided for by the terms of the policy. Such has been the stipulation in the marine policies in Boston, for many years. But the rule has never been adapted to policies of insurance on buildings and other property against fire.

The question then is, what is the rule of damages, if any there be, in cases like the present ? The plaintiff's counsel contends that the actual loss is to be ascertained by the expense of restoring the property without any deduction for the difference of value between the new and old materials ; and so the rule is laid down by Professor Greenleaf. 2 Greenl. on Ev. § 407. But the only adjudicated case he cites, which has any direct bearing on the question, is that of *Vance* v. *Forster*, 1 Irish Circuit Cases, 51, in which Mr. Baron Pennefather laid down a very different rule. He says, as is reported in 3 Stephens N. P. 2084, that " the jury are to say what state of repair the machinery was in, what it would cost to replace it by new machinery, and how much better (if at all) the mill'; in which the machinery was placed "would be with the new machinery, than it was at the time of the fire ; and the difference is to be deducted from the entire expense

17 *

of placing there such new machinery." This rule, in all cases where the cost of repairs is one of the elements by which the jury are to estimate the actual loss, seems to be founded on the principles of justice, as it will give to the assured a full indemnity, and no more : to which he is entitled by the contract. But by the rule contended for by the plaintiff's counsel, the assured in most cases would recover more than an indemnity; and much more, when the building insured is dilapidated and much out of repair. Such rule is not supported by any principle of justice, nor by the authority of any adjudged case. It is founded on an erroneous construction of the contract. It supposes that the insurers are bound to repair the building, or to pay the expenses of the repairs. But no such obligation is imposed on them by the policy. They have the privilege to make the requisite repairs, if they see fit, to protect themselves against the recovery of excessive damages, or for any other reason. But if they elect not to make the repairs, they are liable only to pay a fair indemnity for the loss. But whatever may be the rule when the building insured is partially injured by the peril insured against, it has no application to cases like the present, where the building is totally destroyed and is to be replaced by a new one. The rule of damages in cases on marine policies would not apply to a case where the ship had been totally destroyed. In the present case, the building was destroyed by fire, and a new building was erected upon a different plan ; so that the cost of a new building could not be certainly ascertained. If the rule laid down in *Vance* v. *Forster* were applied, the jury must ascertain, by the estimates and opinions of witnesses, the amount of the expenses of a new building, and they must estimate the value of the old building, in order to ascertain the difference, if any there be, between the new and the old. We can perceive no use in requiring this double estimate; for where the plaintiff is only entitled to recover the amount of the value of the building destroyed, the estimate of the cost of a new building is useless. We are therefore of opinion that there is no rule of

damages applicable to the present case; and that in all cases where no rule of damages is established by law, the jury are to decide upon the question, and that to their decision there can be no legal exception.

The instructions were conformable to these principles, except in one particular. The jury were instructed that no deduction was to be made from the expenses of repairing or rebuilding the store insured, although the new building might be more durable than the old building would have been, and for some purposes more valuable. In this respect, we think the jury were misdirected, and consequently that the defendants are entitled to a new trial.